IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| UNITED VAN LINES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| IVAN CONTRERAS, ) | |
| ) | |
| and ) | |
| ) | |
| CARBURES USA, INC. ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

COMES NOW, the Plaintiff United Van Lines, LLC ("United"), by and through Counsel, and for its Complaint against Defendants Ivan Contreras ("Contreras") and Carbures USA, Inc. ("Carbures") states as follows:

## PARTIES

1. United Van Lines, LLC is a Missouri limited liability company with its principal place of business located at One United Drive, Fenton, Missouri 63026.

2. United is a motor carrier engaged in the business of the interstate transport of household goods for hire pursuant to an authority issued to it by the Surface Transportation Board, under the Interstate Commerce Act, 49 U.S.C. § 13101, et seq.

3. Carbures USA, Inc. is a South Carolina corporation with its principal place of business located at 202 Beechtree Blvd, Greenville, SC 29605.

4. Carbures agent for the service of process is Ivan Contreras who is located at 5 Hercules Way, Greenville, SC 29605.

5. Ivan Contreras is an individual who now resides at 6811 Stockwell Manor Drive, Falls Church, Virginia 22043-3065.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 and §1337, as confirmed in *Thurston Motor Line v. Rand*, 460 U.S. 533 (1983) and 28 U.S.C. §1367. This action involves the collection of transportation charges for shipments moving in interstate commerce, pursuant to the Interstate Commerce Act, 49 U.S.C. §14705, §13706 and §13702.

7. The matters complained of herein and the liability of the Defendants arose from the interstate carriage and storage in transit of Contreras' personal property and household goods from Simpsonville, South Carolina to Bethesda, Maryland.

8. Venue is proper in the District of Maryland in that a substantial part of the events and omissions giving rise to this action occurred in the State of Maryland. 28 U.S.C. §1391.

**COUNT I**
**BREACH OF INTERSTATE TRANSPORTATION CONTRACTS**
**DEFENDANT CONTRERAS**

9. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 8 as though fully restated herein.

10. The matters complained of herein, and the liability of the Defendant Contreras is predicated upon the interstate transportation of property by United, pursuant to Uniform Household Goods Bills of Lading and Freight Bills and United's duly published tariff, which are incorporated therein by reference. 49 U.S.C. §13702(a) and (c).

11. On or about June 19, 2013, Defendant Contreras entered into and accepted contract with United for the interstate shipment, storage and delivery of his household goods from Simpsonville, South Carolina to Bethesda, Maryland. True and correct copies of said contract comprised of United's Household Goods Bill of Lading Invoice Numbers 0203-01324-3-01 and 0203-1324-3-02, which incorporate by reference United's published tariff is attached hereto as Exhibit I.

12. The following term is contained on page 3 of the Bill of Lading under the heading Terms: "If the carrier extends credit by agreeing to bill an employer or other party, and in the event that any or all

of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment." See Exhibit I.

13. The following is contained on page 4 of the Bill of Lading under the heading Contract Terms and Conditions of Household Goods Bill of Lading under the subheading "Section 3(a)" which states:

> "The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event that the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection of shipper charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability." See Exhibit I.

14. On or about June 19, 2013 Defendant Contreras tendered to United his household goods for interstate transit and storage in transit from Simpsonville, South Carolina to Bethesda, Maryland.

15. Pursuant to his request Contreras' household goods were transported from South Carolina and placed into Storage-in-Transit ("SIT") in the warehouse of one of United's disclosed household goods agents on or about June 24, 2013.

16. On or about July 11, 2013 Defendant Contreras household goods were delivered to Bethesda, Maryland.

17. The transportation charges relating to the interstate movement of Defendant Contreras goods were recorded in United invoice number 0203-01324-3-01 and total $6,370.35. See Exhibit II.

18. The SIT charges relating to the temporary storage of Contreras goods were recorded in United invoice number 0203-01324-3-02 and total $2,739.13. See Exhibit III

19. Combined, the charges for the transportation and SIT of Defendant Contreras goods total $9,046.43.

20. The transportation services for carriage and SIT of Defendant Contreras' household goods were preformed in accordance with the Bill of Lading and United's tariff provisions incorporated therein, which are duly maintained in a published tariff as required by the Interstate Commerce Act.

21. Defendant Contreras is the actual and beneficial owner or legal possessor, shipper, consignor and consignee of the household goods for which the interstate transportation and storage services were provided by United, pursuant to the attached Bill of Lading. In accordance with 49 U.S.C. §13706 and §13702(a), United is obligated to collect, and Defendant Contreras is obligated to pay, the full applicable tariff charges due.

22. As reflected in the attached Bill of Lading (Exhibit I) Defendant Contreras accepted the personal property upon delivery in Bethesda, Maryland on or about July 11, 2013.

23. United has performed all of the terms and conditions set forth in the attached Bill of Lading, and there is due and owing the sum of $9,046.43 as unpaid tariff transportation and SIT charges.

24. Defendant Contreras has breached the Bill of Lading by failing and/or refusing to pay United the outstanding transportation and SIT charges. Defendant Contreras is liable to United in the sum of $9,046.43 pursuant to the terms of the Bill of Lading, as well as the Interstate Commerce Act, 49 U.S.C. §13706 and §13707.

WHEREFORE, United demands judgment against Defendant Ivan Contreras in the sum of $9,046.43, plus interests, costs and any and all other further relief that this Court may deem just and proper.

**COUNT II**
**CLAIM FOR MONIES DUE AND OWING FOR WORK, LABOR AND SERVICE (QUANTUM MERIT) AGAINST DEFENDANT CONTRERAS**

25. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 24 as though fully restated herein.

26. On or about June 19, 2013 United, at the request of Defendant Contreras, transported the Defendant's household goods from Simpsonville, South Carolina to Bethesda, Maryland and then temporarily stored Contreras' household goods in Maryland before final delivery.

27. United rendered to Defendant Contreras work, labor, materials and services for which Defendant Contreras promised to pay the reasonable value of.

28. Defendant Contreras executed the Bill of Lading (Exhibit I), and thereby acknowledged his primary liability for the transportation charges thus accrued. Defendant Contreras is the actual and beneficial owner or legal possessor, shipper, consignor and/or consignee of the household goods for which the interstate transportation and SIT services were provided by United, pursuant to the attached Bill of Lading (Exhibit I), and is therefore liable for United's transportation and SIT charges.

29. The reasonable value of the services performed by United for the benefit of Defendant Contreras is $9,046.43.

30. Notwithstanding repeated demands for payment of the balance of $9,046.43. Defendant Contreras has failed or refused to pay any part of the remaining tariff transportation and SIT charges due to United. There is now due and owing from Defendant Contreras to United transportation and SIT charges due pursuant to United's tariffs incorporated by reference within the attached Bill of Lading in the sum of $9,046.43.

WHEREFORE, United demands judgment against Defendant Ivan Contreras in the sum of $9,046.43, plus interests, costs and any and all other further relief that this Court may deem just and proper.

## COUNT III
## BREACH OF INTERSTATE TRANSPORTATION CONTRACT BY DEFENDANT CARBURES USA, INC.

31. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 30 as though fully restated herein.

32. The matters complained of herein, and the liability of the Defendant Carbures is predicated upon the interstate transportation of property by United, pursuant to Uniform Household Goods Bill of Lading and Freight Bills and United's duly published tariff, which is incorporated therein by referenced. 49 U.S.C. §13702(a) and (c).

33. On or about June 19, 2013 Defendant Carbures contacted United to arrange for the interstate transportation and SIT of, its employee, Defendant Contreras' household goods.

34. Defendant Carbures made representations to United that it would tender payment of United's freight and SIT charges.

35. On or about June 19, 2013, Defendant Carbures authorized, entered into and accepted contract with United for the interstate shipment, storage and delivery of household goods from Simpsonville, South Carolina to Bethesda, Maryland belonging to Defendant Contreras. True and correct copies of said contract comprised of United Invoice Numbers 0203-01324-3-01 and 0203-1324-3-02, which incorporate by reference United's published tariff are attached hereto as Exhibit I.

36. Defendant Carbures is listed as the "bill to" part on the Bill of Lading (Exhibit I) and its national account number U32973-011 is also listed on the Bill of Lading indicate its financial responsibility in conjunction with Defendant Contreras to pay United's storage and transportation charges.

37. The following term is contained on page 3 of the Bill of Lading under the heading Terms: "If the carrier extends credit by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment." See Exhibit I.

38. The following is contained on page 4 of the Bill of Lading under the heading Contract Terms and Conditions of Household Goods Bill of Lading under the subheading "Section 3(a)" which states:

> "The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event that the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection

of shipper charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability." See Exhibit I.

39. On or about June 19, 2013 Defendant Contreras tendered to United his household goods for interstate transit and SIT from Simpsonville, South Carolina to Bethesda, Maryland.

40. Pursuant to his request the goods were transported from South Carolina and temporarily placed in SIT at the warehouse facility of one of United's disclosed household goods agents on or about June 24, 2013.

41. On or about July 11, 2013 Defendant Contreras household goods were delivered to Bethesda, Maryland.

42. The transportation charges relating to the interstate movement of Defendant Contreras goods were recorded in United invoice number 0203-01324-3-01 and total $6,370.35. See Exhibit II.

43. The storage charges relating to the SIT of Contreras' goods were recorded in United invoice number 0203-01324-3-02 and total $2,739.13. See Exhibit III

44. Combined the charges for the transportation and SIT of Defendant Contreras household goods total $9,046.43.

45. The invoices relating to the transportation and SIT of Defendant Contreras household goods were presented to Defendant Carbures for payment.

46. As reflected in the attached Bill of Lading (Exhibit I) Defendant Contreras accepted the personal property upon delivery in Bethesda, Maryland on or about July 11, 2013.

47. United has performed all of the terms and conditions set forth in the attached Bill of Lading, and there is due and owing the sum of $9,046.43 as unpaid tariff transportation charges.

48. Defendant Carbures has breached the Bill of Lading by failing and/or refusing to pay United the outstanding transportation and SIT charges. Defendant Carbures is liable to United in the sum of $9,046.43 pursuant to the terms of the Bill of Lading, as well as the Interstate Commerce Act, 49 U.S.C. §13706 and §13707.

WHEREFORE, United demands judgment against Defendant Carbures USA, Inc. in the sum of $9,046.43, plus interests, costs and any and all other further relief that this Court may deem just and proper.

## COUNT IV
### CLAIM FOR MONIES DUE AND OWING FOR WORK, LABOR AND SERVICE (QUANTUM MERIT) AGAINST DEFENDANT CARBURES USA, INC.

49. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 48 as though fully restated herein.

50. On or about June 19, 2013 United, at the request of Defendant Carbures, transported the Defendant Contreras' household goods from Simpsonville, South Carolina to Bethesda, Maryland and temporarily stored the goods before final delivery.

51. United rendered to Defendant Carbures' employee work, labor, materials and services for which Defendant Carbures promised to pay the reasonable value of.

52. Defendant Carbures agreed to be responsible for the moving expenses incurred by Defendant Contreras (See Exhibit I) and thereby acknowledged its primary liability for the SIT and transportation charges thus accrued. Defendant Carbures is therefore jointly and severally liable with Defendant Contreras for all transportation and SIT charges thus accrued.

53. The reasonable value of the services performed by United for the benefit of Defendant Contreras is $9,046.43.

54. Notwithstanding repeated demands for payment of the balance of $9,046.43. Defendant Carbures has failed or refused to pay any part of the remaining tariff transportation and SIT charges due to United. There is now due and owing from Defendant Carbures to United transportation and SIT charges due pursuant to United's tariffs incorporated by reference within the attached Bill of Lading in the sum of $9,046.43.

WHEREFORE, United demands judgment against Defendant Carbures USA, Inc. in the sum of $9,046.43, plus interests, costs and any and all other further relief that this Court may deem just and proper.

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

To Defendant Ivan Contreras:

Unless you notify the Plaintiff within 30 days after receiving this Complaint that you dispute the validity of this debt or any portion thereof, Plaintiff will assume this debt is valid. If you notify Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will verify the debt and mail you verification of the debt. If you so request Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will provide you with the name and address of any original creditor, if different from the current creditor.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The Summons attached to this Complaint states that you have 21 days within which to answer the Complaint. The 21 day period started in the Summons is specified by Rule 12(a), Federal Rules of Civil Procedure. This is in conflict with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. As stated above, you have 30 days under the Fair Debt Collection Practices Act within which to dispute the validity of this debt. Due to this conflict Plaintiff will allow you 30 days within which to file an answer to the Complaint. If you fail to respond within 30 days, the Plaintiff will ask the Court to enter your default.

Respectfully submitted,

\_\_\_/S/_____
Jeffery Cox, Esq. (MD Dist. Ct. # 29293)
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786
E-mail: jeffcox@transportationlaw.net
*Counsel for United Van Lines, LLC*